(No. 3956—

HARRIET I. SMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

ROY A. PTACIN and JOSEPH W. KOUCKY, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, C. J.

On December 24, 1945, the claimant, Harriet I. Smith, an employee of the respondent at the Chicago State Hospital, slipped on an icy sidewalk on the hospital grounds and fractured her right wrist. She was hospitalized at the institution from December 24, 1945, to January 21, 1946. She returned to work on February 17, 1946.

At the time of the accident, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Claimant's earnings for the year preceding the accident were $1,587.26, making an average weekly wage of

$30.52. Her compensation rate is therefore the maximum of $15.00, increased twenty per cent, since the injury occurred after July 1, 1945, or $18.00. Claimant was totally incapacitated for a period of eight weeks, and is entitled to an award in the amount of $144.00 for temporary total compensation. Claimant, however, was paid $217.50 for non-productive time, making an over-payment of $73.50. All medical and hospital services were furnished by the respondent.

Claimant, testifying on her own behalf, stated that since the injury she has a bump on the top of her right wrist, a numbness in several fingers of the right hand, an inability to close the right fist, and that her hand is twisted inward.

Dr. Benjamin Cohen, called on behalf of claimant, stated that an x-ray taken on December 26, 1945, shows an impacted colles fracture of the right wrist. Dr. Cohen, from examination of claimant's arm, stated that the injury was permanent, and that she has sustained a definite loss of use of the right hand as a result of the injury.

Dr. Albert C. Field, testifying on behalf of claimant, stated that he examined claimant on April 23, 1946, and made an x-ray of her right wrist and hand. He found the hand held in a somewhat silver-forked deformity, with a shortening of the radius and a prominence of the lower end of the ulna. He testified that all movements of the fingers of claimant's right hand were somewhat restricted, and on active motion she lacked about three-fourths of an inch of bringing the middle and ring fingers to the palm of the hand. He found flexion of the wrist limited about forty-five degrees, extension about forty-five degrees; supination about one-half of her normal range, and pronation within normal limits. The x-ray

taken by Dr. Field was introduced in evidence and forms a part of the record. He was of the opinion that claimant had suffered a permanent loss of the use of her right hand.

The testimony was heard by Commissioner John L. East, Jr., who recommends an award of fifty per cent permanent loss of use of claimant's right hand. The Commissioner's recommendation is fully supported by the evidence and the x-ray. Claimant, therefore, is entitled to an award for fifty per cent permanent loss of use of her right hand, or $18.00 per week for a period of eighty-five weeks, a total of $1,530.00. From this amount must be deducted the over-payment on account of temporary total disability of $73.50, leaving a balance due claimant of $1,456.50.

A. M. Rothbart Court Reporting Service is entitled to payment of $25.50 for reporting the testimony at the hearing.

An award is therefore entered in the total sum of $1,482.00, payable as follows:

a) the sum of $25.50 to A. M. Rothbart Court Reporting Service, forthwith.

b) the sum of $529.71 to claimant, forthwith.

c) the sum of $926.79 to claimant in weekly installments, beginning on the 12th day of September, A. D. 1946, at the rate of $18.00 per week for a period of fifty-one weeks, with an additional final payment of $8.79.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."